IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL JAMES NISSEN,

    Plaintiff,

v.                                            No. 1:24-cv-00533-JMC-JFR

P.O.T.U.S.,

    Defendant.

## ORDER DENYING PETITION TO PROCEED *PRO SE*

Plaintiff, who is proceeding *pro se*, is a restricted filer. *See* Order Imposing Filing Restrictions, Doc. 12, filed May 13, 2024, in *Nissen v. Biden*, No. 1:24-cv-00274-WJ-KK ("*Nissen IV*"). Chief United States District Judge William P. Johnson discussed Plaintiff's filing history in this Court:

> This is the fourth action Plaintiff has filed against Defendant Biden in this Court since October 2023. *See Nissen v. Biden*, No. 1:24-cv-00231-MLG-JFR (filed March 6, 2024); *Nissen v. Biden*, No. 1:24-cv-00172-MIS-SCY (filed February 20, 2024); *Nissen v. POTUS*, No. 1:23-cv-00936-JB-JFR (filed October 19, 2023). Each of the three previous cases asserted patent infringement claims based on vague allegations and were dismissed for failure to state a claim.
>
> Plaintiff has repeatedly failed to comply with Court orders and failed to state a claim. *See Nissen v. Nilius*, No. 1:21-cv-557-JB-CG (dismissed for failure to comply with Court orders, statutes, and rules, and for failure to prosecute); *Nissen v. Nilius*, No. 1:21-cv-556-WJ-SMV (dismissed for failure to comply with Court order); *Nissen v. Garland*, No. 1:21-cv-547-MV-JHR (dismissed for failure to prosecute and failure to comply with Court orders); *Nissen v. Nilius*, No. 1:21-cv-546-WJ-SMV (dismissed for failure to prosecute); *Nissen v. Garland*, No. 1:21-cv-524-MV-KBM (dismissed for failure to prosecute); *Nissen v. Karlovich*, No. 1:20-cv-240-KWR-SCY (dismissed for failure to comply with Court order); *Nissen v. Rosa*, No. 1:20-cv-238-MV-JHR (dismissed for failure to comply with Court order); *Nissen v. Nissen*, No. 1:20-cv-218-MV-GBW (dismissed for failure to comply with Court order); *Nissen v. Rosa*, No. 1:20-cv-216-KWR-KBM (dismissed for failure to comply with Court order); *Nissen v. Browning*, No. 1:20-cv-151-PJK (dismissed as frivolous and for failure to state a claim); *Nissen v. Judd*, No. 1:19-

> cv-827-WJ-GJF (dismissed for failure to comply with Court orders and failure to prosecute).

Dismissal Order and Order to Show Cause at 2-3, Doc. 8, filed April 1, 2024, in *Nissen IV*.

Chief Judge Johnson restricted Plaintiff from initiating future litigation in this Court unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*. *See* Order Imposing Filing Restrictions at 4 (describing the steps Plaintiff must take to obtain permission to proceed *pro se*). To obtain permission to proceed *pro se* in this Court, Plaintiff must file, among other things, a petition requesting leave to file a *pro se* initial pleading and the proposed initial pleading. *See* Order Imposing Filing Restrictions at 4.

Plaintiff filed his proposed initial pleading using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." *See* Petition at 8-13. Plaintiff's proposed initial pleading states the background of his case as:

> In this action to quiet title, I seek the just and proper equitable resolve that does not make a new right, but declares the old, because adjudication is the declaration of a right, and by adjudication the right is newly revealed which has long been hidden.
>
> Therefore, I allege Arbitrary Abuse of Power per Moral Turpitude Aforethought for breach of trust of a probated perfected freehold estate in fee simple, the res judicata of the Probate Court has been definitively settled by judicial decision, The Supreme Law of the Land trumps Arbitrary Abuse of Power by those products administering admiralty maritime law to subjects not in their jurisdiction by rule of law, the rules in equity calls on the court clergy to see to the exclusive equitable rights and remedies of the nominal beneficiary of the testamentary will.

Petition Requesting Leave to File a Pro Se Initial Pleading at 9, Doc. 1, filed May 29, 2024 ("Petition"). Plaintiff asserts a claim for:

> Arbitrary Abuse of Power per Moral Turpitude Aforethought of undue influence by the products causing breach of trust in his official color of office as appointed fiduciary with a duty that must act in a way that will benefit someone else financially like the nominal beneficiary of a probated, perfected, protected, patented freehold estate in fee simple.

Petition at 10.  Plaintiff supports his claim stating:

> In this chose in action, I assert that I have a meritorious cause of action warranted by existing law, the issuance of maritime legal instruments, then the forced coercion, duress, fear, et. al., to be surety on a probated testamentary will has led to defect on title causing the deprivation of rights, life, liberty and property, therefore, this chose in action by plaintiff to quiet title and to remove cloud on title with official legal instruments to my claim seeking injunction and judgement for equitable relief to halt the unwanted intrusions created by an encumbrance of an obligation of the United States which is in breach of trust being that the United States isn't paying the bills or fulfilling the terms and conditions of agreement probated.  What are your grounds for this breach of trust?

Petition at 10.

The Court denies Plaintiff's Petition for Leave to File a Pro Se Initial Pleading because Plaintiff's proposed initial pleading fails to state a claim upon which relief can be granted. The proposed initial pleading contains vague, conclusory allegations but does not contain factual allegations describing what Defendant did to Plaintiff, when Defendant did it, and what specific legal right Plaintiff believes Defendant violated.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").  Furthermore, Plaintiff asserts claims pursuant to 42 U.S.C. § 1983. *See* Petition at 8.  "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016).  Plaintiff has not alleged facts showing that Defendant was acting under color of state law.  *See* Petition at 8.  Liberally construing *pro se* Plaintiff's proposed

initial pleading as asserting a claim pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), Plaintiff has not shown that this Court may fashion a *Bivens* remedy. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009) (stating that *Bivens* actions are the "federal analog" to § 1983 actions); *Egbert v. Boule,* 596 U.S. 482, 493 (2022) ("our cases hold that a court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, an alternative remedial structure"). The Court is not persuaded by Plaintiff's assertion that his "tenacity to act and cure any deficiencies only makes me more competent for future presentments if need be." Petition at 12. Plaintiff has previously filed four cases against Defendant Biden and has failed to state a claim each time despite the Court notifying Plaintiff of the deficiencies in his complaints.

While Plaintiff may not proceed *pro se* with this action, Plaintiff may have an attorney authorized to practice before this Court enter an appearance and file a complaint on Plaintiff's behalf.

**IT IS ORDERED** that:

(i) Plaintiff's Petition Requesting Leave to File a Pro Se Initial Pleading, Doc. 1, filed May 29, 2024, is **DENIED.**

(ii) Plaintiff shall, within 30 days of entry of this Order, have a licensed attorney who is admitted to practice before this Court enter an appearance on behalf of Plaintiff. Failure to timely comply with this Order may result in dismissal of this case.

/s/ Joel M. Carson III
**JOEL M. CARSON III**
**UNITED STATES CIRCUIT JUDGE**
**Sitting by Designation**