IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL JAMES NISSEN,

    Plaintiff,

v.                                               No. 1:24-cv-00533-JMC-JFR

P.O.T.U.S.,

    Defendant.

## **MEMORANDUM OPINION AND ORDER OF DISMISSAL**

    Plaintiff, who is proceeding *pro se*, is a restricted filer. *See* Order Imposing Filing Restrictions, Doc. 12, filed May 13, 2024, in *Nissen v. Biden*, No. 1:24-cv-00274-WJ-KK ("*Nissen IV*"). Chief United States District Judge William P. Johnson restricted Plaintiff from initiating future litigation in this Court unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se* by, among other things, filing a petition requesting leave to file a *pro se* initial pleading and the proposed initial pleading. *See* Order Imposing Filing Restrictions at 4, Doc. 12, filed May 13, 2024, in *Nissen IV*.

    Plaintiff initiated this action by filing his Petition Requesting Leave to File a Pro Se Initial Pleading along with his proposed initial pleading. *See* Doc. 1, filed May 29, 2024 ("Petition"). Plaintiff also filed a Motion for Appointment of Special Master in Equity to Assist with Probated Estate/Trust, Doc. 3, filed May 29, 2024, and an Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 4, filed May 29, 2024.

    The Court denied Plaintiff's Petition because Plaintiff's proposed initial pleading failed to state a claim upon which relief can be granted. *See* Order Denying Petition to Proceed *Pro Se*,

Doc. 7, filed June 17, 2024 ("Order"). The Court ordered Plaintiff to have a licensed attorney who is admitted to practice before this Court enter an appearance on behalf of Plaintiff and notified Plaintiff that "[f]ailure to timely comply with this Order may result in dismissal of this case." Order at 4.

Plaintiff did not have a licensed attorney who is admitted to practice before this Court enter an appearance on behalf of Plaintiff by the July 17, 2024, deadline. Instead, Plaintiff filed two motions regarding the Court's Order denying Plaintiff's Petition to proceed *pro se* and directing Plaintiff to have an attorney enter an appearance on behalf of Plaintiff.

In his first motion regarding the Court's Order, Plaintiff quotes a portion of 5 U.S.C. § 500 which provides general provisions regarding administrative practice before United States agencies and states in relevant part:

> This section does not—
>
> **(1)** grant or deny to an individual who is not qualified as provided by subsection (b) or (c) of this section the right to appear for or represent a person before an agency or in an agency proceeding;
>
> **(2)** authorize or limit the discipline, including disbarment, of individuals who appear in a representative capacity before an agency;

5 U.S.C. § 500(d); *see* Motion in Opposition to Proceed as Res Judicated Authorized Representative, Doc. 8, filed June 24, 2024 (quoting 5 U.S.C. § 500(d)(1, 2)) ("Motion in Opposition"). Plaintiff states he is "the only authorized agent of the estate authorized to appear before the court" and concludes that the Court "exercise[d] its arbitrary abuse of power for its benefit by imposing filing restrictions when 5 USCA § 500(d)(2) the rule of law written clearly prohibits this court from commingling . . ." Motion in Opposition at 3. Section 500 applies to practice before United States agencies but does not apply to practice in this Court. *See* 5 USCA

§ 551(1)(B) ("'agency' means each authority of the Government of the United States . . . but does not include . . . the courts of the United States").

In his second motion regarding the Court's Order, Plaintiff quotes the portion of the Court's Order which quotes *Egbert v. Boule*, 596 U.S. 482, 493 (2022): "Our cases hold that a court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, an alternative remedial structure." *See* Motion in Opposition for Reconsideration at 3, Doc. 9, filed June 24, 2024 ("Motion to Reconsider"). Plaintiff asserts:

> The remedy provided by Congress is Fed. R. Civ. P. [no rule number specified] and Fed. R. Evid. Rule 407, equitable remedy and equitable relief is warranted by existing law to cure the defect in title for proving ownership, control, or the feasibility of precautionary measures, by this avenue and the complaint[s] filed, a 42 USCA § 1983 is the proper vehicle for injunctive relief sought by claimant, as stated the claim for relief sought is justified and warranted by existing law . . . Rule 407 negates the need to explain what the Defendant did, this provides the Court, the just and proper tools by law the remedy to cure the breach of trust for a just, speedy, and inexpensive determination of this action of administrative law.

Motion to Reconsider at 3-5. Plaintiff refers to the section of the Court's Order that states:

> The Court denies Plaintiff's Petition for Leave to File a Pro Se Initial Pleading because Plaintiff's proposed initial pleading fails to state a claim upon which relief can be granted. The proposed initial pleading contains vague, conclusory allegations but does not contain factual allegations describing what Defendant did to Plaintiff, when Defendant did it, and what specific legal right Plaintiff believes Defendant violated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").

Order at 3. Plaintiff's contention that Rule 407[1] of the Federal Rules of Evidence negates the need to properly state a claim is without merit. Rule 407 limits the use of evidence of subsequent

---

[1] Rule 407 of the Federal Rules of Evidence provides:

remedial measures and does not relate to the required elements of a complaint. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief"). The United States Court of Appeals for the Tenth Circuit has clearly stated the elements necessary to state a claim and that conclusory allegations are insufficient to state a claim. *See Nasious*, 492 F.3d at 1163; *Hall v. Bellmon*, 935 F.2d at 1110. The Court is bound by and cannot disregard the Federal Rules of Civil Procedure and Tenth Circuit precedent. *See Oklahoma Radio Assoc. v. Federal Deposit Ins. Corp.*, 969 F.2d 940, 942 (10th Cir. 1992) ("the Federal Rules of Civil Procedure have the force and effect of a federal statute"); *United States v. Spedalieri*, 910 F.3d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit").

The Court denies Plaintiff's pending motions and dismisses this case without prejudice because the Court is not allowing Plaintiff to proceed *pro se* and an attorney admitted to practice in this Court has not appeared and signed the proposed initial pleading and the motions.

**IT IS ORDERED** that:

(i) Plaintiff's Motion for Appointment of Special Master in Equity to Assist with Probated Estate/Trust, Doc. 3, filed May 29, 2024, is **DENIED.**

---

When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:

- negligence;
- culpable conduct;
- a defect in a product or its design; or
- a need for a warning or instruction.

But the court may admit this evidence for another purpose, such as impeachment or--if disputed--proving ownership, control, or the feasibility of precautionary measures.

Fed. R. Evid. 407.

5

(ii)   Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 4, filed May 29, 2024, is **DENIED.**

(iii)  Plaintiff's Motion in Opposition to Proceed as Res Judicated Authorized Representative, Doc. 8, filed June 24, 2024, is **DENIED.**

(iv)   Plaintiff's Motion in Opposition for Reconsideration, Doc. 9, filed June 24, 2024, is **DENIED.**

(v)    This case is **DISMISSED without prejudice.**

        /s/ Joel M. Carson III
**JOEL M. CARSON III**
**UNITED STATES CIRCUIT JUDGE**
**Sitting by Designation**